**Francis M. JACKSON**

v.

**CASCO NORTHERN BANK, N.A., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 16, 1992.

Decided Oct. 30, 1992.

Francis M. Jackson, pro se.

Cynthia A. Dill, Thompson, McNaboe, Ashley & Bull, Theodore H. Kirchner, Norman, Hanson & Detroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Francis M. Jackson, an attorney, brought this action for unjust enrichment, breach of contract, and liability under 11 M.R.S.A. § 3–804 against Casco Northern Bank, N.A. and Casco's insurers, National Union Fire Insurance Company and American International Insurance Company. The action is based on a check issued by National to settle Casco's dispute with two of Jackson's clients. The Superior Court (Cumberland County, *Brodrick, J.*) granted summary judgments for all three defendants. Jackson appeals. We dismiss Jackson's appeal for failure to file a timely notice of appeal.

Jackson filed the present action on July 2, 1990. His amended complaint asserted unjust enrichment, breach of contract and liability for a lost check under 11 M.R.S.A. § 3–804. Jackson moved to amend his complaint a second time on May 21, 1991 to change the defendant in the § 3–804 claim from Casco to National. Before this mo-

tion was decided, the Superior Court granted summary judgments to Casco and its insurers in a decision entered on June 21, 1991. Jackson filed a timely motion for further findings of fact and conclusions of law pursuant to Rule 52(a) but withdrew this motion on July 22, 1991. The Superior Court (Cumberland County, *Brodrick, J.*) denied Jackson's second motion to amend his complaint in an order entered on January 8, 1992. Although Jackson's motion for further findings had been withdrawn, the court denied that motion on March 4, 1992. Jackson filed a notice of appeal on March 6, 1992.

Rule 73(a) of the Maine Rules of Civil Procedure requires a party to appeal within 30 days from the entry of the judgment from which that party is appealing. The summary judgments from which Jackson wishes to appeal became final and appealable once the Superior Court's denial of Jackson's motion to amend his complaint was entered on January 8, 1992. Even if it had not been withdrawn, Jackson's motion for further findings pursuant to M.R.Civ.P. 52(a) had no impact on the time available for appeal. Rule 52(a) clearly provides no right to findings of fact in summary judgment decisions. M.R.Civ.P. 52(a). Furthermore, M.R.Civ.P. 73(a) provides that the filing of a timely motion for findings will toll the appeal period only in those instances when the litigant is entitled to such findings. M.R.Civ.P. 73(a). Because Jackson did not file his notice of appeal until March 6, 1992, well beyond 30 days past January 8, 1992, his appeal is not timely.

The entry is:

Appeal dismissed.

All concurring.